**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-3223-WJM-KMT

DARREN HOFFMAN,

      Plaintiff,

v.

MICKEY SCHAETZLE;
ABRAHAM BALDERRAMA;
ANDREW AQUINO;
ROBIN DANNI;
JOHN DOE # 1, Police Officer; and
JOHN DOE # 2, Police Officer,

      Defendants.

---

**ORDER ADOPTING FEBRUARY 12, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on: (1) United States Magistrate Judge Kathleen

M. Tafoya's February 12, 2021 Report and Recommendation (the "Recommendation")

(ECF No. 61) that the Court grant in part Defendants' Partial Motion to Dismiss ("Motion

to Dismiss") (ECF No. 36) Plaintiff Darren Hoffman's Amended Complaint (ECF No. 16),

and (2) Hoffman's Objection to Judge Tafoya's denial of his Motion to Appoint Pro Bono

Counsel (ECF No. 54).  The Recommendation is incorporated herein by reference.  *See*

28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the following reasons, Hoffman's

Objection to Judge Tafoya's order is overruled, Hoffman and Defendants' Objections to

the Recommendation are overruled, and the Recommendation is adopted as modified.

## I. BACKGROUND

The following facts are taken from Hoffman's Amended Complaint, which the Court assumes are true for the purpose of resolving the Motion to Dismiss.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

This action arises out of an incident on November 13, 2017, when Hoffman was at the apartment of a man known as "Pops."  (ECF No. 16 ¶ 1.)  At approximately 4:00 a.m., Hoffman smoked a cigarette that Pops had given him.  (*Id.*)  Hoffman began to feel ill and believed that the cigarette had been imbued with an unknown controlled substance.  (*Id.*)   Hoffman attempted to dial 911 on his cell phone to seek medical care.  (*Id.*)  Pops became angry and threatened to shoot Hoffman if he called 911.  (*Id.*)

Afraid that Pops would harm him, Hoffman drove away in his truck and parked in a parking lot.  (*Id.*)  There, an associate of Pops, known as "Misfit," was waiting in a vehicle and identified Hoffman.  (*Id.* ¶ 2.)  Misfit exited his vehicle and drew a semi-automatic firearm.  (*Id.*)  Misfit began pursuing Hoffman and fired approximately 15 shots at him.  (*Id.* ¶¶ 2–3.)

Hoffman exited his truck and ran from Misfit.  (*Id.* ¶¶ 3–4.)  When he believed he had eluded Misfit, Hoffman contacted his father and brother to arrange a meeting at the Thornton Police Department about the incident with Pops and Misfit.  (*Id.* ¶ 4.)  Hoffman's phone then lost power.  (*Id.*)

At 4:52 a.m., Hoffman knocked on a stranger's door, seeking assistance.  (*Id.* ¶ 6.)  At that time, Officer Mickey Schaetzle "ambushed" Hoffman, shined a flashlight in Hoffman's eyes, and discharged his firearm at Hoffman.  (*Id.* ¶ 7.)  Hoffman, believing that Schaetzle was Misfit attacking him again, defended himself by returning fire with his

own handgun.  (*Id.*)  When Schaetzle identified himself as a law enforcement officer, Hoffman surrendered.  (*Id.*)

Officer Abraham Balderrama then arrived, placed the barrel of his gun to Hoffman's head, and threatened to "blow his brains out" if Hoffman moved.  (*Id.* ¶ 8.) Schaetzle and Balderrama bound Hoffman's wrists tightly with handcuffs and pulled Hoffman to his feet with the chain of the handcuffs, causing severe pain.  (*Id.* ¶¶ 9–10.) Balderrama then tightly wrapped duct tape around Hoffman's wrists, cutting off blood circulation and causing numbness in his hands.  (*Id.* ¶ 11.)  Hoffman repeatedly asked Balderrama to remove the tape, but Balderrama refused.  (*Id.* ¶ 12.)

Officer Andrew Aquino arrived on scene and began questioning Hoffman about the incident leading to his arrest.  (*Id.* ¶ 13.)  Hoffman explained his version of events, and again requested medical care, but Aquino ignored his request.  (*Id.*)  Aquino then transported Hoffman to the Thornton Police Department.  (*Id.* ¶ 14.)

Officer Robin Danni and two "John Doe" officers ("Doe Defendants") questioned Hoffman when he arrived at the station.  (*Id.* ¶ 15–17.)  Hoffman again requested medical care, but Danni and the Doe Defendants ignored his requests.  (*Id.*)

Hoffman alleges that he now suffers from "chronic migraine headaches, chronic wrists, hand and finger pain," and tremors and numbness in his hands as a result of the events of November 13, 2017.  (*Id.* ¶ 21.)  Hoffman also alleges that he suffers from severe post-traumatic stress disorder.  (*Id.*)

Hoffman filed his initial Complaint on November 12, 2019, asserting claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the Constitution, against Schaetzle, Balderrama, and Danni in their individual capacities.

(ECF No. 1.)  He filed an Amended Complaint on April 1, 2020, which is the operative complaint, and which added Aquino and the Doe Defendants to this action.  (ECF No. 16.)

Defendants filed their Motion to Dismiss on August 12, 2020.  (ECF No. 36.) Hoffman filed a response on October 5, 2020, and Defendants filed a reply on October 9, 2020.  (ECF Nos. 51 & 53.)

Hoffman filed his Motion to Appoint Pro Bono Counsel on August 12, 2020. (ECF No. 42.)  Judge Tafoya denied the motion on October 6, 2020.  (ECF No. 52.) Hoffman filed an Objection to the denial on October 15, 2020.  (ECF No. 54.)

On February 12, 2021, Judge Tafoya issued her Recommendation that the Motion to Dismiss be granted in part and denied in part.  (ECF No. 61.)  She found that Hoffman's claims against Aquino and the Doe Defendants were barred by the statute of limitations and that his official capacity claims against all Defendants were barred for failure to satisfy the municipal liability standard set forth in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).  (*Id.* at 7–11.)  Judge Tafoya further found that Hoffman failed to state a claim for deliberate indifference against Schaetzle because he did not allege Schaetzle possessed the requisite mental state.  (*Id.* at 11–13.)  She found that Hoffman's Eighth Amendment claim for deliberate indifference to medical needs was barred because, as a pretrial detainee, his deliberate indifference claim arose out of the Fourteenth Amendment.  (*Id.* at 6.)  Finally, Judge Tafoya determined that Hoffman's Fourth Amendment excessive force claim against Schaetzle was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and recommended denial of the Motion to Dismiss as to Schaetzle on the Fourth Amendment claim.  (*Id.* at 13–15.)  She

4

recommended granting the Motion to Dismiss in part as to the Eighth Amendment claim, as to Aquino, the Doe Defendants, all Defendants in their official capacities, and as to Schaetzle on the Fourteenth Amendment claim. (*Id.* at 16.)

Hoffman filed an Objection to the Recommendation on February 22, 2021. (ECF No. 64.) Defendants filed an Objection to the Recommendation on February 25, 2021. (ECF No. 65.) Defendants filed a response to Hoffman's Objection on February 26, 2021(ECF No. 66), and Hoffman did not file a response to Defendants' Objection.

## II. LEGAL STANDARDS

### A.    Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## B.      Rule 12(b)(6) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## C.      Rule 72(a) Review of a Magistrate Judge's Recommendation

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court must adopt the Magistrate Judge's rulings unless it finds that the rulings are "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion or, if after viewing the

record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133 (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III. ANALYSIS

### A.    Motion to Dismiss

Because Hoffman is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

i.    *Eighth Amendment Claim*

Hoffman brings an Eighth Amendment claim for deliberate indifference to serious medical needs against all Defendants.  (ECF No. 16 ¶¶ 23–29.)  Defendants argue that Hoffman's Eighth Amendment claim should be dismissed because Hoffman was a pretrial detainee, and therefore his protection against the denial of medical care arises under the Fourteenth Amendment.  (ECF No. 36 at 6.)

Judge Tafoya determined that because Hoffman was a pretrial detainee and not an incarcerated individual when the events giving rise to this action occurred, the Eighth Amendment does not apply to him.  (ECF No. 61 at 6.)  Accordingly, she recommended dismissal of the Eighth Amendment claim.  (*Id.*)

In his Objection, Hoffman argues that his Eighth Amendment claim should not be dismissed with prejudice because his "error was not obvious enough to render the claim frivolous, unreasonable or unfounded."  (ECF No. 64 at 1.)  Hoffman concedes that his

claims as to medical care arise under the Fourteenth Amendment but appears to misunderstand the effect of dismissal of this claim.  (*See id.*)

The law is clear that Hoffman's claim arises under the Fourteenth Amendment. *See McCowan v. Morales*, 945 F.3d 1276, 1290 (10th Cir. 2019).  Given that the Eighth Amendment is inapplicable to him, the claim must be dismissed with prejudice.  The Court therefore adopts this portion of the Recommendation.

    ii.    *Official Capacity Claims*

Hoffman sues all Defendants in their individual and official capacities.  (ECF No. 16 at 5.)  Defendants argue that Hoffman's official capacity claims fail because he cannot satisfy the municipal liability principles set forth in *Monell*, 436 U.S. at 694.  (*Id.* at 9–10.)  Because suits against municipal employees in their official capacities are treated as suits against the municipality, Hoffman must allege that the City of Thornton maintains a particular custom, policy, or practice, and demonstrate a causal link between such policy and a violation of his constitutional rights.  *Jenkins v. Woods*, 81 F.3d 988, 993 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Judge Tafoya found that Hoffman failed to state a claim against Defendants in their official capacities because he did not identify a particular custom, policy, or practice from which the violations of his rights stemmed.  (ECF No. 61 at 10–11.)  As the identification of such a policy is an essential element to a *Monell* claim, Judge Tafoya recommended dismissal of Hoffman's official capacity claims.  (*Id.* at 11; *see also Jenkins*, 81 F.3d at 993.)

In his Objection, Hoffman argues that *Monell* liability may arise even in the

8

absence of a particular policy.  (ECF No. 64 at 3.)  He relies on *Welch v. Ciampa*, 542 F.3d 927 (1st Cir. 2008), in which the First Circuit held that municipal liability may apply where a policymaking official is responsible for the alleged constitutional violation.  (*Id.*; *see also Welch*, 542 F.3d at 942.)

Even assuming that *Welch* is persuasive, if not binding, authority in this Circuit, Hoffman does not allege that Defendants each possess policymaking authority which led to his injury.  (*See generally* ECF No. 16.)  Moreover, he points to no Tenth Circuit or District of Colorado authority supporting official capacity liability in the absence of a distinct custom, policy, or practice.  Accordingly, Hoffman has failed to allege facts supporting municipal liability and the claims against Defendants in their official capacities must be dismissed.  *See Jenkins*, 81 F.3d at 993.  The Court therefore adopts this portion of the Recommendation and dismisses Hoffman's claims against all Defendants in their official capacities.  The dismissal is without prejudice, however, as the Court cannot determine with certainty at this time that amendment would be futile.

iii.    *Fourteenth Amendment Claim*

The basis of Hoffman's Fourteenth Amendment claim, like his Eighth Amendment claim, is deliberate indifference to serious medical needs.  (ECF No. 16 ¶¶ 30–37.)  He brings this claim against all Defendants.  (*Id.* ¶ 31.)  Defendants argue that the claim against Aquino and the Doe Defendants, and all Defendants in their official capacities, is barred by the statute of limitations.[1]  (ECF No. 36 at 7–9.) Defendants further argue that Hoffman's claim against Schaetzle in his individual capacity is barred because Hoffman fails to state a claim for deliberate indifference.  (*Id.*

---

[1] Having determined that *Monell* bars the official capacity claims, the Court addresses the statute of limitations argument only as to Aquino and the Doe Defendants.

at 10–12.)

   a. <u>Statute of Limitations</u>

  Hoffman's claims are subject to the two-year statute of limitations set forth in Colorado Revised Statute § 13-80-102(1)(g).  *See* Colo. Rev. Stat. § 13-80-102(1)(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).  The parties agree that the events giving rise to this action occurred on November 13, 2017.  (ECF No. 16 ¶¶ 1–22; ECF No. 36 at 9.)  Accordingly, the statute of limitations expired on November 13, 2019.

  Defendants argue that Hoffman's claim against Aquino and the Doe Defendants is barred by the statute of limitations. (ECF No. 36 at 7.)  They assert that because Hoffman did not name Aquino or the Doe Defendants until April 1, 2020, such claims are untimely.  (*Id.*)

  Judge Tafoya found that Hoffman's claim was untimely because he first named Aquino and the Doe Defendants in April 2020, more than four months after the statute of limitations expired on November 13, 2019.  (ECF No. 61 at 7–10.)  She further found that the relation-back doctrine did not preserve Hoffman's claims because he did not make a mistake concerning the proper party's identity, but made an informed decision to sue certain defendants over others.  (*Id.* at 7–10.)  Judge Tafoya concluded that the claims against Aquino and the Doe Defendants should be dismissed as time-barred. (*Id.* at 10.)

  In his Objection, Hoffman argues that his Amended Complaint relates back to the

filing of his initial Complaint because he was mistaken as to Aquino's identity and the roles of the Doe Defendants.  (ECF No. 64 at 2–3.)  He contends that because Aquino and the Doe Defendants are employed by the Thornton Police Department, they presumably received notice of the suit against Schaetzle, Balderrama, and Danni, and therefore should have anticipated their implication in the action.  (*Id.* at 2–3.)

An amended complaint naming a new party to an action relates back to the filing of an original complaint if the party to be brought in

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii).  Further, the amendment must assert a claim arising out of the conduct, transaction, or occurrence set out in the original pleading.  *Id.* 15(c)(1)(B).  The Supreme Court has held the focus of the relation-back inquiry to be on "what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010).

Hoffman's claim against Aquino and the Doe Defendants arises out of the same set of facts as the claims in his initial Complaint, namely, the denial of medical treatment on November 13, 2017.  (ECF No. 16 ¶¶ 30–37.)  Hoffman does not allege, however, that Aquino or the Doe Defendants received actual or constructive notice of his claims, nor that they knew or should have known that they would be implicated in this action but for Hoffman's mistake concerning their identities.  (*See generally id.*)  Moreover, Hoffman did not name any "John Doe" placeholder defendants in his initial Complaint,

nor allege that any individuals were involved apart from Schaetzle, Balderrama, and Danni.  (*See generally* ECF No. 1.)  The assumption that Aquino and the Doe Defendants had knowledge of the action solely due to their employment by the Thornton Police Department is wholly speculative and insufficient to establish constructive notice. *See Kole v. Smith*, 2015 WL 5026194, at \*11 (D. Colo. Aug. 16, 2015) (declining to find constructive notice where plaintiff's initial complaint did not include facts indicating proposed defendants' involvement despite employment by the same entity); *see also Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir. 2004) (holding that lack of knowledge as to a defendant's involvement is not "a mistake concerning the proper party's identity" within the meaning of Rule 15).

As Hoffman has not alleged facts suggesting that Aquino or the Doe Defendants were on notice that they may be implicated in this action, the statute of limitations bars his claims against them.  Accordingly, the Court adopts this portion of the Recommendation as modified and dismisses Hoffman's claim as to Aquino and the Doe Defendants.  Because this is not an adjudication of these claims on the merits, the dismissal will be without prejudice.

b.    Deliberate Indifference: Schaetzle

Defendants argue that Hoffman fails to state a claim for deliberate indifference against Schaetzle because Hoffman does not allege that Schaetzle possessed the requisite mental state.  (ECF No. 36 at 10–12.)  Specifically, Defendants contend that Schaetzle's involvement in Hoffman's arrest preceded Hoffman's requests for medical treatment, and therefore no facts suggest that he was aware of and disregarded Hoffman's medical needs.  (*Id.* at 11.)

A deliberate indifference claim must satisfy both an objective and subjective prong.  The objective prong requires the harm to be sufficiently serious as to implicate the Cruel and Unusual Punishment Clause, meaning that the condition "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).  The subjective component is met if an official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer v. Brennan*, 511 U.S. 825, 837 (10th Cir. 1994).

Judge Tafoya found that Hoffman failed to state a claim for deliberate indifference because his allegations did not satisfy the subjective component of the deliberate indifference inquiry.  (ECF No. 61 at 12–13.)  She reasoned that Hoffman did not allege facts suggesting that Schaetzle was aware of Hoffman's injuries or need for medical attention.  (*Id.* at 12.)  She concluded that because Hoffman failed to allege a constitutional violation, Schaetzle was entitled to qualified immunity on the Fourteenth Amendment claim.[2]  (*Id.* at 13.)

In his Objection, Hoffman argues that he made numerous requests for medical treatment when Schaetzle was in the process of arresting him.  (ECF No. 64 at 3.)  He asserts that, because he repeatedly requested medical care, Schaetzle was on notice of his need for care and nonetheless disregarded his requests.  (*Id.*)  As Judge Tafoya noted, however, Hoffman may not cure his Amended Complaint through a response or

---

[2] To overcome a defendant's assertion of qualified immunity, a plaintiff must show that (1) the defendant violated the plaintiff's federal constitutional or statutory rights, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant. *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).  Accordingly, Hoffman's failure to establish a constitutional violation precludes him from overcoming a qualified immunity defense.

objection.  (ECF No. 61 at 12 n.2; s*ee also Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (stating that in resolving a Rule 12(b)(6) motion, a court is restricted to the allegations contained within the four corners of the complaint).)

The Amended Complaint does not contain allegations of Schaetzle's presence or involvement during the time Hoffman was requesting medical care.  (*See generally* ECF No. 16.)  As Hoffman did not allege in his Amended Complaint that he informed Schaetzle of his need for medical care, he fails to satisfy the subjective component of the deliberate indifference inquiry and therefore cannot state a claim against Schaetzle. *See Farmer*, 511 U.S. at 837.  Accordingly, the Court adopts this portion of the Recommendation and dismisses Hoffman's Fourteenth Amendment claim against Schaetzle.  As the Court cannot say with certainty that amendment would be futile, the dismissal is also without prejudice.

iv.     *Fourth Amendment Claim*

Hoffman brings a Fourth Amendment claim for excessive force against Schaetzle and Balderrama.  (ECF No. 16 ¶¶ 38–51.)  The basis of Hoffman's claim against Schaetzle is that Schaetzle discharged his firearm at Hoffman unprovoked, which constituted excessive force.  (*Id.* ¶¶ 39–41.)

Schaetzle argues that Hoffman's excessive force claim against him is barred by the Supreme Court's ruling in *Heck*, 512 U.S. at 487.  (ECF No. 36 at 12–15.)  In *Heck*, the Supreme Court held that a plaintiff may not bring a civil rights claim if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck*, 512 U.S. at 487.

Schaetzle contends that Hoffman's allegation that Schaetzle discharged his firearm first is inconsistent with Hoffman's conviction for attempted murder.  (ECF No. 36 at 12–15.)  He argues that if this allegation were true, Hoffman would have successfully asserted affirmative defenses of self-defense or mistake of fact in his criminal trial and avoided conviction.  (*Id.* at 12–15.)

Judge Tafoya found that the record was unclear as to whether Hoffman had asserted these defenses in his criminal trial.  (ECF No. 61 at 14–15.)  She took judicial notice of the jury instructions from the criminal trial, which Defendants attached to the Motion to Dismiss, and observed that they did not contain affirmative defenses.  (*Id.* at 14–15.)  Judge Tafoya concluded that based on the lack of clarity as to whether success on the excessive force claim would impact Hoffman's underlying conviction, Defendants had not established *Heck*'s applicability.  (*Id.* at 15.)  She therefore recommended denial of the Motion to Dismiss as to the Fourth Amendment claim.  (*Id.*)

In their Objection, Defendants again argue that Hoffman's version of events contradicts that of his criminal proceeding, and if accepted would necessarily invalidate his conviction.  (ECF No. 65 at 6–14.)  They cite several out-of-circuit cases in which courts held that a finding that an officer was the first aggressor would indicate the invalidity of the underlying criminal conviction where the plaintiff's affirmative defenses, such as self-defense, were rejected by a judge or jury.  (*Id.* at 10–13.)

As Judge Tafoya noted, the jury in Hoffman's criminal case was not instructed on self-defense or mistake of fact.  (ECF No. 61 at 14–15.)  Without certainty as to the reason for the lack of such instructions, the Court cannot conclude that *Heck* applies to the instant action.  *See Martinez v. Caggiano*, 2021 WL 915950, at *5 (D. Colo. Mar. 10,

2021) (finding that *Heck* did not bar excessive force claim where the jury in the plaintiff's criminal proceeding was not instructed on self-defense).  Moreover, a finding that *Heck* bars Hoffman's excessive force claim would require the Court to take judicial notice of extensive court filings and trial transcripts and make factual determinations based on such materials.  This would be a highly inappropriate inquiry for the Court to undertake at this pleading stage of this action.  Hoffman's criminal conviction may ultimately bar his excessive force claim, but given the uncertainty as to *Heck*'s applicability at this time, the Court finds that this issue is more appropriately resolved at the summary judgment stage.  The Court therefore adopts this portion of the Recommendation and denies the Motion to Dismiss as to Claim Three.

**B.**   **Motion for Appointment of Counsel**

Hoffman objects to Judge Tafoya's denial of his Motion to Appoint Pro Bono Counsel.  (ECF No. 54.)  In denying the motion, Judge Tafoya reviewed Hoffman's case and determined that his claims were "neither novel nor complex" and that he had "relayed the substance of his claims effectively thus far."  (ECF No. 52 at 3.)  She found that Hoffman's lack of legal knowledge was not unique or a special circumstance warranting appointment of counsel.  (*Id.* at 3.)

In his Objection, Hoffman argues that he lacks the resources to prosecute this action due to his limited access to legal materials and his physical and mental disabilities.  (ECF No. 52 at 1–2.)  He asserts that he cannot afford to retain counsel or navigate discovery without assistance.  (*Id*. at 3–4.)

It appears to the Court that Hoffman has effectively pursued his claims up to the present without the assistance of counsel.  Having reviewed the relevant portions of the

record, the Court finds that Judge Tafoya's reasoning is not clearly erroneous or contrary to law.  Accordingly, Hoffman's Objection is overruled.

## IV. CONCLUSION

1.      Hoffman's Objection to Judge Tafoya's Order Denying the Motion for Appointment of Counsel (ECF No. 54) is OVERRULED;

2.      The Recommendation (ECF No. 61) is ADOPTED AS MODIFIED;

3.      Hoffman's Objection (ECF No. 64) is OVERRULED;

4.      Defendants' Objection (ECF No. 65) is OVERRULED;

5.      The Motion to Dismiss (ECF No. 36) is GRANTED IN PART;

6.      Hoffman's Eighth Amendment claim (Claim One) is DISMISSED WITH PREJUDICE;

7.      Hoffman's claims against all Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE;

8.      Hoffman's claims against Aquino, John Doe #1, and John Doe #2 are DISMISSED WITHOUT PREJUDICE;

9.      Hoffman's Fourteenth Amendment claim (Claim Two) against Schaetzle is DISMISSED WITHOUT PREJUDICE;

10.     The Motion to Dismiss is otherwise DENIED;

11.     The only claims asserted in the Amended Complaint that may proceed are: (1) Claim Two to the extent it asserts a Fourteenth Amendment deliberate indifference claim against Balderrama and Danni in their individual capacities, and (2) Claim Three to the extent it asserts a Fourth Amendment excessive force claim against Schaetzle and Balderrama in their individual capacities; and

17

12.     Judge Tafoya is requested to set a prompt status conference or such other

proceeding as she decides is appropriate to move this litigation forward.

Dated this 23rd day of March, 2021.

BY THE COURT:

William J. Martínez
United States District Judge